8    SCHOOL DIST. No. 1, WASHINGTON COUNTY *v.*
BOARD OF IMP. CURB & GUTTER DIST. No. 37.

4-7869                                    194 S. W. 2d 8

Opinion delivered April 22, 1946.

Rehearing denied May 20, 1946.

*Lee Seamster, Karl Greenhaw* and *O. E. Williams,* for appellant.

*H. L. Fitzhugh, C. D. Atkinson* and *Wallace Townsend,* for appellee.

GRIFFIN SMITH, Chief Justice. The question is whether property owned by the School District, and other property against which it is alleged betterments were assessed when the Curb and Gutter District was formed in 1927-28, shall be subjected to the payment of bonds, interest, etc.[1] Each side has pleaded *res judicata.*

Curb and Gutter Board filed its complaint in August, 1945, alleging creation of the district, and issuance of five percent serial bonds maturing in November of each year, beginning with 1928 and ending with 1937. While caption of the complaint lists the Board as plaintiff, it is shown that in fact the suit was brought by H. E. Parrish, Trustee. The original pledge named American

---

[1] Although two districts—paving and guttering—were formed, the appeal we consider deals only with one, a stipulation being that the determination of issues here presented shall be binding on the other district. Curb and Gutter issued $21,500 in bonds. The paving district's bonds amounted to $35,000.

Southern Trust Company as trustee for the bondholders. The bank's subsequent insolvency incapacitated it regarding the matters at issue; but under authority expressly conferred by the pledge, Parrish, a citizen of Kansas, was appointed successor, and presumptively it was through the trustee's instrumentality that the suit filed in 1945 was brought. The prayer was that the property listed be charged with the amounts alleged to have been assessed as betterments; that statutory penalties be decreed, together with cost, interest, etc., and that the land be sold unless liens should be discharged in a timely manner.

The defendants (appellants here) tendered with their plea of *res judicata* the decree rendered by Washington Chancery Court in 1934, based upon an action filed in 1931. In that litigation it was found that the District was not legally formed, in that less than ten property owners signed the petition asking that the improvements be made in that manner. It was also decreed that there had been no valid assessment of benefits.

In 1939 Parrish, as Trustee, sued in the United States Court for the Western District of Arkansas, making the Curb and Gutter District a defendant. The District answered. Appellants have not abstracted the defense they sought to maintain in Federal Court, nor do we find the answer or essential pleadings in the bill of exceptions. Essence was that all matters pertaining to validity of the District and the assessments had been decided by the Chancery Court in 1934; hence the Federal Court could not inquire into any phase of the transactions other than to determine whether a money judgment should be rendered in favor of the Trustee. The Trustee contended the bondholders were not bound because he was not a party to the suit filed in 1931; nor was he, at any time before decree, made a defendant. Likewise bondholders were not served with process or notified that action involving their rights was contemplated. But if mere notice had been the policy pursued and its sufficiency contended for, as distinguished from service of process on the Trustee,

the fact remains that we are without information regarding pleas by the District in Federal Court other than those miscellaneously referred to or abstracted as bases for appellants' assertion that all the Trustee had a right to demand in the action of 1939 was a determination (a) whether the bonds had been issued, (b) whether they were unpaid, and (c) whether the holder was in fact the owner, or had a right to ask judgment. A Little Rock brokerage firm purchased the full issue and resold the individual bonds to others who had no information that infirmities would be alleged.

It is insisted that the District's Commissioners represented the landowners in certain respects; yet it is conceded that the decree of 1934 was predicated upon action by the Commissioners against the property—that is, the purpose was to foreclose the so-called benefits. Whatever the Federal District Court at Fort Smith may have had before it, the finding adverse to present appellants was appealed. In an opinion of April 2, 1940, the Circuit Court of Appeals, Eighth Circuit, affirmed the decree of Judge Heartsill Ragon. Its conclusions were that there was substantial evidence from which the trial court found (a) that all jurisdictional requirements incidental to creation of the District had been complied with; (b) that assessments were regularly made; (c) that proper notice as required by law had in all instances been given; (d) that there was no appeal to Chancery Court within thirty days—a procedure available to dissatisfied property owners;—(e) that following effective organization bonds were issued and sold to innocent purchasers; (f) that taxes or betterments were partially paid; (the opinion mentions ''some $7,083'' as having been collected) (g) that money realized from sale of the bonds had been applied in making the improvements contemplated; (h) that neither fraud nor collusive conduct entered into the transaction whereby a non-resident Trustee was selected in order to confer Federal jurisdiction, and (i) that the District Court's decree should in all things be affirmed. See *Curb & Gutter District No. 37 of*

*City of Fayetteville, Ark., et al.,* v. *Parrish,* 110 Federal 2d 902.

It will be seen from this record that the bondholders, through their Trustee, insist that the decree (Washington Chancery Court) of December 10, 1945, from which this appeal comes, should be affirmed because the Federal District Court's decree adjudicated the essential issues, and that the bondholders (Trustees) were not bound by the Chancery decree of 1934 because they were not parties. On the other hand, Curb and Gutter District insists it is not bound by the Federal Court decree because that proceeding was subsequent to the Chancery decree of 1934.

We think appellants somewhat overstate appellees' position when they say that the Chancellor on Exchange, in denying their plea of *res judicata,* ". . . held that the decree of the Federal Court, to which defendants were not parties nor privies, had reversed and set aside the decree of the Washington Chancery Court, which had invalidated said alleged District. . . ."

What the Federal Court held was that bondholders, who paid the market price for securities, and whose money was used by the District to construct improvements, could not be deprived of their property rights by a decree in respect of which they had no information, and therefore could not be heard in opposition to the nullifying act. Appellants contend that the defendants (appellants here) are the same parties, "or privies to the defendants in the former action"; "for," say counsel, ". . . if there is no authority to bring the Board of Improvement of said alleged district into court as active plaintiffs in this lawsuit, then same should be dismissed for want of a proper plaintiff, as the Trustee of the bondholders is not authorized to bring such an action in his own name."

The point appellants seek to impress by this discussion is that in things relating essentially to State jurisdiction: such, for instance, as foreclosures, purchase of

forfeited property, its sale, and like matters, duties of the Commissioners have been clearly defined; and while, as in the Federal Court case, bondholders may establish their right to payment, the judicial process by which satisfaction may be attained is domestic, and a Federal Court acts only by mandamus in appropriate cases.

Conceding this argument to be sound, it does not follow that appellants' plea of *res judicata* should have been sustained. The decree of foreclosure complained of in the instant appeal was not an act of the Federal Court. True, the Chancery Court disregarded the decree of the same Court wherein the District was held to be void; but this was necessary if Federal Court was correct in finding that valid bonds had been issued.

In entertaining the Trustee's suit Federal Court jurisdiction of necessity had to affirmatively appear. It cannot be denied that the complaint, *prima facie,* stated a cause of action. At trial the defendants, by their plea of *res judicata* and proof relating to organization of the District and failure to make assessments, subjected themselves to judicial inquiry regarding these controverted issues. The Federal Court found that securityholders had been ignored, and that as to them the proceedings initiated in 1931 and consummated by the Chancery decree of 1934 was valid only as to those things not adversely affecting material interests of bond-purchasers who had no opportunity to defend.

We are not, in the instant case, relegated to the doctrine announced in *Howard-Sevier Road Improvement District No. 1* v. *Hunt,* 166 Ark. 62, 265 S. W. 517, which, if literally applied, would *require* an improvement district when sued in Federal Court to plead invalidity of assessments on penalty that failure would thereafter bar a property holder from showing the assessment was void. In the appeal with which we are concerned the entire assessment was challenged in Federal Court. This action was taken by the Commissioners who represented the property owners as a class. The same issue was involved in the decree of 1934, but, as we have heretofore said, the

bondholders were omitted. If it should be conceded (and this is a phase we are not called upon to determine here) that the District was not required to plead invalidity of the assessment as a defense in Federal Court, yet that plea *was* interposed and the finding was against the Commissioners on an issue they advanced or defended.

Result of these conclusions is that the Court did not err in overruling appellants' plea of *res judicata,* and that it correctly sustained appellees' plea of former adjudication, and rightfully rendered judgment.

Affirmed.